# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENWOOD DIVISION

| | |
|---|---|
| Sandra Reese and Norman Reese, <br><br> Plaintiff, <br><br> vs. <br><br> Dollar Tree Stores, Inc. f/k/a Only One Dollar, Inc. <br><br> Defendants. | C/A No. <br><br> **NOTICE OF REMOVAL** |

Defendant Dollar Tree Stores, Inc. f/k/a Only One Dollar, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files its Notice of Removal of the above-captioned case from the Court of Common Pleas for Greenwood County, South Carolina, to the United States District Court for the District of South Carolina, Greenwood Division. The grounds for the removal are as follows:

1. A civil action is now pending in the Court of Common Pleas for Greenwood County, South Carolina, bearing the case name as captioned above with Docket No. 2022-CP-24-00004, filed on January 4, 2022.

2. Defendant was served with a copy of the Summons and Complaint in this action on January 5, 2022. Defendant has not filed a response in the Court of Common Pleas for Greenwood County, South Carolina. A copy of all state court papers, excluding other discovery matters, are attached to this Notice of Removal as **Exhibit 1**.

3. Upon information and belief, Plaintiffs were, at the time of the commencement of this action, and still are residents and citizens of the State of South Carolina, as alleged in the Complaint.

4.     In the Complaint filed to initiate the current action, Plaintiffs allege Defendant is "the franchisor, franchisee and/or owners of a property and business operating at 5252 Highway 72 Bypass in the County of Greenwood, State of South Carolina." *See* **Exhibit 1, ¶ 3.**

5.     At the time of the commencement of this action, and at this time, Defendant Dollar Tree Stores, Inc. was and is a corporation organized and existing under the laws of the State of Virginia, having its principal place of business in Chesapeake, Virginia.

6.     This action is one of a civil nature, seeking money damages for alleged negligence.

7.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from Plaintiffs' Complaint and correspondence between Plaintiffs' counsel and counsel for the defendant that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

8.     In determining whether the claims in the Complaint meet the jurisdictional amount, the district court may make reasonable deductions, inferences, or other extrapolations from the pleadings to determine whether it is apparent that a case is removable. *See* Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013) (affirming district court's use of "experience and common sense" to conclude that the amount-in-controversy requirement was satisfied). Put simply, a district court determining the amount in controversy "'is not required to leave its common sense behind.'" Hamilton v. Owen Loan Servicing, LLC, No. 9:12–cv–03111–PMD, 2013 WL 499159, at *5 (D.S.C. Feb. 7, 2013) (*quoting* Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665, 668 (D.S.C. 2005)).

9.     Plaintiff is seeking recovery of damages related to "great physical harm and injury, which caused Plaintiff Sandra Reese to undergo much physical pain, suffering and emotional

distress has caused, and will in the future case, Plaintiff Sandra Reese to have to spend money for medical services and pharmaceutical costs, has impaired Plaintiff Sandra Reese's enjoyment of life, and has cause Plaintiff Sandra Reese permanent impairment to her body." *See* **Exhibit 1, ¶ 13**. Plaintiffs contend they "were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship." *See* **Exhibit 1, ¶ 14**. While Defendant expressly denies any wrongdoing and denies the claims of injury/damages set forth, those allegations are substantial and have resulted in judgments and demands in excess of $75,000 in other cases in the past. Therefore, the jurisdictional amount is satisfied.

10. In addition to the claims for compensatory damages, Plaintiffs seek an award of punitive damages against Defendant. *See* **Exhibit 1, Prayer for Relief beginning with "Wherefore."** While Plaintiffs claims for compensatory damages themselves show the jurisdictional amount is apparent, it is well settled the punitive damages sought by Plaintiffs must also be considered in any calculation of the amount in controversy. *See, e.g.*, R.L. Jordan Oil Co. of North Carolina, Inc. v. Boardman Petroleum, 23 Fed. Appx. 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages."); Am. Health & Life Ins. Co. v. Heyward, 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (holding that claims for punitive damages "must be included in the calculation of the amount in controversy"). While Defendant denies Plaintiffs are entitled to an award of punitive or compensatory damages, the Court should infer from Plaintiffs request for punitive damages that Plaintiffs are seeking greater recovery than if they were merely seeking compensation for alleged injuries. Woodward v. Newcourt Comm. Fin. Corp., 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that

the claim is for less than the jurisdictional amount"). In all, the allegations of the Complaint make clear that Plaintiffs claim for punitive damages and compensatory damages, seeks an amount in excess of $75,000.

11. Accordingly, the record and case law establish that the amount in controversy meets and exceeds the sum or value of $75,000, exclusive of interest and costs and, therefore, meets the amount in controversy requirement for diversity jurisdiction.

12. Defendant's desire to remove this action to this Court and, therefore, file this Notice along with attachments pursuant to 28 U.S.C. § 1441, *et seq.*, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

13. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which Defendant was first served with the Summons and Complaint.

14. Defendant removes this matter pursuant to 28 U.S.C. § 1332 because the action brought by Plaintiffs against Defendant is a suit of a civil nature, the character of which the District Courts of the United States are given original diversity jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441.

15. The Greenwood Division of the United States District Court for the District of South Carolina is the proper venue because it is the "district and division" embracing Greenwood County. *See* 28 U.S.C. § 1441(a).

16. In accordance with 28 U.S.C. § 1446(d), Defendant promptly will serve written notice of the filing of this Notice of Removal to Plaintiffs' counsel, and Defendant shall electronically file a copy of this Notice of Removal with the Clerk of Greenwood County Court of Common Pleas, where this action is currently pending.

17.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted.

WHEREFORE, Defendant prays that the above-entitled case be removed to the United States District Court for the District of South Carolina, Greenwood Division, pursuant to 28 U.S.C. §1441 *et seq*.  If any question should arise regarding the propriety of the removal of this action, Defendant respectfully requests the opportunity to brief fully the legal issues through supporting memoranda, as well as oral argument, in support of its position that the case is removable, as well as conduct discovery on the subject matter, if necessary.

**GALLIVAN, WHITE & BOYD, P.A.**

By:  *s/Makenzie E. Polston*
     A. Johnston Cox (Fed ID #6534)
     Makenzie E. Polston (Fed ID #13109)
     PO Box 7368
     Columbia, SC 29202-7368
     jcox@gwblawfirm.com
     mpolston@gwblawfirm.com
     (803) 779-1728 Ofc

*Attorneys for Defendant*

February 3, 2022

5